# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Timothy Martin Smith filed this putative class action against Defendants SunTrust Mortgage, Inc., QBE Insurance Corporation, and QBE FIRST Insurance. He alleges that Defendants illegally colluded to make money from borrowers by abusing the discretion granted to Defendants under force-placed insurance clauses.

Defendant SunTrust Mortgage, Inc. ("SunTrust") has filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted ("SunTrust's Motion"). (Dkt. No. 34.) Defendants QBE Insurance Corporation and QBE FIRST Insurance (collectively, "QBE") have filed a motion to dismiss the Complaint for a lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted ("QBE's Motion"). (Dkt. No. 37.)

The Court GRANTS IN PART and DENIES IN PART both SunTrust's Motion and QBE's Motion, and gives Smith leave to amend his Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

### PRELIMINARY MATTER

SunTrust requests that "the Court take judicial notice of the following matters or materials":

    (1) Smith's publically recorded deed of trust,
    (2) Smith's "Hazard Insurance Binder Acknowledgment,"
    (3) Smith's "Oregon Insurance Notice," and
    (4) "QBE's filed rate approval by the Oregon Insurance Division."

(Dkt. No. 35, at 1, 3.) Smith filed a partial opposition. (Dkt. No. 48.) The Court GRANTS the request as to items (1) and (4). *See Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that a court may take judicial notice of "*undisputed* matters of public record" but generally cannot take judicial notice of "*disputed* facts stated in public records"). SunTrust hasn't shown that items (2) and (3) are the proper subject of judicial notice under Federal Rule of Evidence 201(b), or that the Court should consider those documents at this stage. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 958 n.13 (9th Cir. 2005) (A court ruling on a 12(b)(6) motion "can consider an extrinsic document if it is *integral* to the plaintiff's claims and its authenticity is undisputed" (emphasis added)). The Court DENIES SunTrust's request as to items (2) and (3).

### BACKGROUND

Because the Court is considering Defendants' motions to dismiss, it accepts all of the factual allegations in the Complaint as true and construes them in the light most favorable to Smith, the nonmoving party. *See Skilstaf, Inc., v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Smith used a loan issued by SunTrust to buy his home in Albany, Oregon, on July 17, 2007. (Compl. ¶ 36.) SunTrust secured its interest on the property through a deed of trust. Smith filed a copy of this deed of trust with his Complaint. (*See id.* Ex. 1.) That deed of trust requires the homeowner to buy hazard insurance. If the homeowner doesn't, the deed of trust provides that the lender may do so and pass that expense along to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

borrower. This insurance is called lender-placed or force-placed insurance ("FPI"). (*Id.* ¶ 5.) Specifically, the fifth section ("Section Five") of the deed of trust states the following in relevant part.

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which the Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the period that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.
>
> If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage . . . . Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

(*Id.* Ex. 1 § 5.) The ninth section ("Section Nine") contains the following provision.

> If . . . Borrower fails to perform the covenants and agreements contained in this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

(*Id.* Ex. 1 § 9.)

Smith initially bought and maintained hazard insurance for his home. He last renewed his policy on July 18, 2008. (*Id.* ¶ 85.) That policy covered, from July 17, 2008 through July 17, 2009, Smith's residence for $247,000 and other related items for $247,000. (*Id.*) This policy had an annual premium of $478. (*Id.*)

But when that insurance policy expired, Smith's coverage lapsed. On September 9, 2009, SunTrust exercised its right under the contract to purchase FPI and bought a one-year insurance policy from QBE. (*Id.* ¶ 86.) The policy was backdated to July 17, 2009, and insured Smith's residence in the amount of $254,000. (*Id.* ¶¶ 86, 87.) The policy had an annual premium of about $3,200. (*Id.* ¶ 86.)

On March 4, 2010, Smith himself bought a policy that covered his residence in the amount of $167,000. (*Id.* ¶¶ 88–89.) This policy had an annual premium of $353.24. (*Id.* Ex. 16.) SunTrust approved this insurance coverage and cancelled the FPI. (*Id.* ¶ 90.) SunTrust charged Smith a prorated premium of about $1,991 for the period between the two policies he bought. (*Id.* ¶ 91.)

Smith alleges that SunTrust and QBE colluded to overcharge him for FPI. The Complaint describes at least three mechanisms by which SunTrust and QBE accomplish their scheme.

First, QBE paid SunTrust a kickback for every FPI policy that QBE issued to a SunTrust-serviced homeowner. (*Id.* ¶¶ 10, 56–57, 73.) SunTrust pays QBE to monitor whether SunTrust-serviced homeowners have purchased adequate hazard insurance. (*Id.* ¶¶ 10, 61.) QBE charges SunTrust a below-market rate for this, which creates one part of the kickback. (Id. ¶¶ 62, 83.) In addition, when a homeowner's hazard insurance does lapse, QBE issues a grossly overpriced FPI that carries a hefty premium for generally diminished coverage. (*Id.* ¶¶ 7, 146(a).) Smith alleges that his experience serves as a good example—when his hazard insurance lapsed, QBE issued him FPI that carried an annual premium over six-and-a-half times more expensive than Smith's previous annual premium. (*Id.* ¶ 87.) That price bought coverage that was either similar or inferior. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

QBE pays a percentage of this inflated premium to SunTrust. (*Id.* ¶¶ 54, 56–57.) For its part, SunTrust simply passes that premium cost along to homeowners by diverting their monthly loan payments or debiting their escrow accounts. (*Id.* ¶¶ 6, 132.) Under this scheme, neither SunTrust nor QBE have an economic interest in keeping the cost of the FPI down.

Second, SunTrust and QBE worked together to provide homeowners with excessive FPI. Smith alleges that his story illustrates this claim. Smith initially purchased hazard insurance that was better than it needed to be to satisfy Section 5—in addition to covering his home for up to $247,000, the policy provided an additional $247,000 worth of coverage for other items related to the property. (*Id.* ¶ 85.) When it lapsed, SunTrust and QBE provided FPI that covered Smith's home for up to $254,000—an amount similar to what Smith originally had. (*Id.* ¶¶ 86–87.) But when Smith later purchased a policy that only covered the home for up to $167,000, it was enough to satisfy Section 5 in SunTrust's eyes. (*Id.* ¶¶ 88–90.) In other words, the FPI policy insuring the home for up to $254,000 was more than what was necessary to satisfy Section 5. (*Id.* ¶ 89.) On this basis, Smith says that SunTrust and QBE sold him at least $87,000 worth of unnecessary coverage. (*Id.*)

Third, SunTrust and QBE conspired to backdate FPI policies unnecessarily. Specifically, they'd provide retroactive coverage for SunTrust-serviced properties, even if this sort of coverage wasn't needed. (*Id.* ¶ 26(e).) For example, when SunTrust purchased FPI for Smith in September 2009, it backdated the policy to July 2009, even though SunTrust presumably knew nothing had happened to the property since July 2009. (*Id.* ¶ 86.)

Smith asserts seven claims on behalf of the purported class: (1) breach of the implied covenant of good faith and fair dealing against SunTrust; (2) breach of contract against SunTrust; (3) breach of fiduciary duty/misappropriation of funds held in trust against SunTrust, (4) aiding and abetting a breach of fiduciary duty against QBE, (5) violation of California's Unfair Competition Law against both SunTrust and QBE; (6) violation of Oregon's Unlawful Debt Collection Practices Act against SunTrust; and (7) unjust enrichment/disgorgement against QBE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

## **LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.* 8(a)(2).  "[D]etailed factual allegations" are not required.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).  Further, a court ruling on a motion to dismiss "accept[s] all factual allegations in the complaint as true and constru[es] them in the light most favorable to the nonmoving party."  *Skilstaf, Inc.*, 669 F.3d at 1014.

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012).  The Ninth Circuit also addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1204 (9th Cir. 2011).  The *Starr* court held that allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.* at 1216.

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend.  "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

## ANALYSIS

### 1. SUNTRUST'S MOTION

SunTrust argues that the filed rate doctrine bars Smith's entire suit against SunTrust. In addition, SunTrust argues that Smith has failed to adequately plead each individual claim. The Court addresses these arguments in turn.

#### 1.1 The Filed Rate Doctrine

The filed rate doctrine bars suits that challenge the rates charged by some regulated companies. The court-created doctrine "holds that any 'filed rate'—that is, one approved by [a] governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). The Court concludes that whether the filed rate doctrine applies hinges on how Oregon law treats the doctrine. This determination is based on, among other things, the choice of law provision in the deed of trust. (*See* Compl. Ex. 1 ¶ 16.)

SunTrust argues that the filed rate doctrine bars Smith's suit because of the nature of Smith's claims. According to SunTrust, Smith's claims are "predicated on allegations that he was charged an unreasonably excessive rate for [FPI]." (SunTrust's Mot. 4:17–18.) And, because the filed rate doctrine "prohibits suits alleging an authorized insurance rate is unreasonable, . . . the entire complaint [is] subject to dismissal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

(SunTrust's Mot. 4:20–21.) SunTrust also argues that the doctrine's "focus is on the substance of the claim—whether a filed rate is being challenged—not on the identity of the defendant." (SunTrust's Mot. 5:15–16.) Under this argument, it doesn't matter then that SunTrust itself isn't an insurance company and isn't filing rates.

It's unclear whether Oregon law even recognizes the filed rate doctrine. "No Oregon court has expressly decided whether Oregon accepts the filed-rate doctrine." *Dreyer v. Portland Gen. Elec. Co.*, 341 Or. 262, 270 n.10 (2006). If Oregon doesn't recognize the doctrine, it can't shield SunTrust.

But even if Oregon law recognizes the filed rate doctrine, the doctrine wouldn't shield SunTrust here. SunTrust's arguments mischaracterize Smith's claims. At least the backdating and excessive coverage allegations involve the appropriateness of the policy and its timing, and not the rate of the policy. In the backdating claims Smith doesn't complain about how much SunTrust charged him because of any issue with the rate or the premium calculated from it. Smith instead argues that the premium was charged over an excessively long time period. SunTrust hasn't provided any authority that shows that courts—particularly Oregon courts—have expanded the filed rate doctrine to cover not only the rate charged, but the time period over which that rate is charged. Similarly, the excessive coverage claims don't focus on the rate, but rather how much coverage QBE provided Smith through SunTrust. The filed rate doctrine does not bar Smith's claims.

Further, the conclusion that the filed rate doctrine doesn't bar the asserted claims is consistent with the weight of relevant case law. *See Simpkins v. Wells Fargo Bank, N.A.*, No. 12–cv–00768–DRH–PMF, 2013 WL 4510166, at *13–14 (S.D. Ill. Aug. 26, 2013); *Leghorn v. Wells Fargo Bank, N.A.*, No. C–13–00708 JCS, 2013 WL 3064548, at *19–21 (N.D. Cal. June 19, 2013); *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11–915–JST (ANx), 2012 WL 7071469, at *13 (C.D. Cal. Dec. 20, 2012) ("*Gustafson Order II*"); *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1081–83 (N.D. Cal. 2012); *see also Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11–cv–81373–DMM, 2013

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

WL 139913, at *11 (S.D. Fla. Jan. 10, 2013) (noting that similar kickback claims were enough to defeat a filed rate doctrine argument at the motion to dismiss stage).

In contrast, SunTrust points to only one case where a district court applied the filed rate doctrine in a context similar to this case. *See Steven v. Union Planters Corp.*, No. Civ.A. 00–CV–1695, 2000 WL 33128256, at *3 (E.D. Pa. Aug. 22, 2000). But the Court finds that case insufficient to offset the weight of more recent authority.

Finally, the Court notes that, despite SunTrust's arguments to the contrary, it's not clear that the filed rate doctrine should protect SunTrust given that SunTrust itself doesn't submit its rates to any regulatory body. SunTrust has presented no authority demonstrating that the protections of the filed rate doctrine extend this far.

For all of these reasons, the filed rate doctrine does not bar Smith's claims against SunTrust. The Court now examines whether each of Smith's claims against SunTrust are adequately pleaded such that they state a claim for relief.

### 1.2     The Claims Against SunTrust

Smith asserts five claims against SunTrust: (1) breach of the implied covenant of good faith and fair dealing; (2) breach of contract; (3) breach of fiduciary duty/misappropriation of funds held in trust; (4) violation of California's Unfair Competition Law; and (5) violation of Oregon's Unlawful Debt Collection Practices Act.

#### 1.2.1   The Contract Claims

Smith's first and second claims against SunTrust arise under contract law. The first claim alleges that SunTrust breached the implied covenant of good faith and fair dealing by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

exercising its discretion to buy FPI "capriciously and in bad faith." (Compl. ¶ 118.) The second claim alleges that SunTrust breached an express term of the contract—namely, Section 9's "reasonable or appropriate" language. Both parties agree that Oregon contract law applies. SunTrust makes three arguments—two that apply to both claims, and a third that applies to the breach of contract claim. For the following reasons, the Court rejects those arguments.

First, SunTrust argues that both claims are "precluded by . . . Smith's admitted contract breach." (SunTrust's Mot. 8:15–16.) But SunTrust hasn't shown that dismissal is appropriate at this time given the apparent dispute between the parties concerning both the materiality of Smith's failure to purchase hazard insurance and the contingent nature of the FPI provision. (Opp'n to SunTrust's Mot. 15:16–18); *see Wasserburger v. Am. Sci. Chem., Inc.*, 267 Or. 77, 82 (1973) ("[A] breach or nonperformance of a promise by one party to a bilateral contract so material as to justify a refusal of the other party to perform a contractual duty, discharges that duty."). Other courts addressing similar claims also haven't held that this kind of conduct by a plaintiff necessarily bars contract claims. *See Leghorn*, 2013 WL 3064548, at *22–25 (applying California law); *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11–915–JST (ANx), 2012 WL 4761733, at *3–5 (C.D. Cal. April 12, 2012) ("*Gustafson Order I*") (applying Illinois law); *Ellsworth*, 908 F. Supp. 2d at 1084–85 (applying California law); *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 955–56 (N.D. Cal. 2012) (applying California and New Jersey law). SunTrust hasn't provided contrary case law. For these reasons, SunTrust hasn't shown that Smith's conduct bars his contract claims.

Second, SunTrust argues that, because it had an undisputed right to buy FPI under the deed of trust, Smith's contract claims must fail. Under this argument, the breach of contract claim is barred because SunTrust "had the right to obtain hazard insurance under the unambiguous terms of the deed of trust," such that "there is no express breach of any contract provision." (SunTrust's Mot. 11:22–23, 12:3.) And the breach of the covenant of good faith and fair dealing claim is barred because Smith "seeks to contradict an express contract term or requests a remedy for an act that is permitted expressly by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

contract." (SunTrust's Mot. 10:2–3 (citations omitted).) SunTrust misses the point on both claims. Smith doesn't dispute SunTrust's ability to buy FPI. The fight is over how it went about exercising its discretion to do so. An abuse of that discretion may violate both the implied covenant of good faith and fair dealing, as well as Section 9's "reasonable or appropriate" language.

Third, SunTrust argues that the breach of contract claim should be dismissed because "Smith does not adequately allege any detriment, harm, or damages resulting from SunTrust's purported breach of the deed of trust." (SunTrust's Mot. 11:16–17.) But Smith does allege these things. For example, he says SunTrust made him pay for excessive or unnecessary retroactive insurance. (Compl. ¶ 125.) This satisfies Smith's pleading requirements. Once again, this conclusion is in line with the other cases mentioned earlier in this section, where similar allegations supported similar contract claims. *See Leghorn*, 2013 WL 3064548, at *22–25; *Ellsworth*, 908 F. Supp. 2d at 1084–85; *Gustafson Order I*, 2012 WL 4761733, at *3–5; *McNeary*, 863 F. Supp. 2d at 955–56.

The Court DENIES SunTrust's Motion on both the breach of the implied duty of good faith and fair dealing claim and the breach of contract claim.

### 1.2.2 Breach of Fiduciary Duty/Misappropriation of Funds Held in Trust

Smith's third claim against SunTrust asserts a breach of fiduciary duty. Smith didn't oppose SunTrust's Motion as it related to this claim. (*See* Opp'n to SunTrust's Motion at i.) For this reason, the Court GRANTS SunTrust's Motion on the claim for breach of fiduciary duty/misappropriation of funds held in trust.

### 1.2.3 California's Unfair Competition Law

Smith's fourth claim against SunTrust arises under California's Unfair Competition Law ("UCL"). The UCL prohibits "any unlawful, unfair or fraudulent business act[s] or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

practice[s]." Cal. Bus. & Prof. Code § 17200. SunTrust makes three arguments supporting dismissal of this claim. First, SunTrust argues that, under the deed of trust's choice-of-law provision, Oregon law controls and California's UCL does not apply to the trust of deed. Second, SunTrust argues that because the UCL doesn't apply to conduct outside of California, it shouldn't provide a basis for Smith's claims. Finally, SunTrust argues that, as a matter of substantive law, Smith hasn't stated a claim under the UCL. Because the second argument is dispositive of SunTrust's Motion as it relates to this claim, the Court doesn't address the others.

The UCL cannot protect Smith here. "[W]hile the UCL reaches claims made by out-of-state residents harmed by unlawful conduct occurring inside California, it does not apply to wrongful conduct occurring outside of California." *Gustafson Order I*, 2012 WL 4761733, at *5 (citations omitted) (citing California Supreme Court and state appellate decisions). Smith's ability to file suit under the UCL thus depends on whether his "proposed application of the UCL would cause it to operate, impermissibly, with respect to occurrences outside the state." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011). Smith resides in Oregon. (Compl. ¶¶ 35–36.) Smith's house is in Oregon. (*Id.*) The Defendants are all incorporated outside of California. (*Id.* ¶¶ 39–41.) None of the Defendants have their principal place of business or headquarters in California. (*Id.*) These facts weigh heavily against application of the UCL in this case.

The only allegations Smith provides to counter this weight are reproduced below.

> Defendants' scheme was devised, implemented and directed from Suntrust and QBE's offices in California and the nerve center of the conduct alleged occurred in California. In connection with the force-placed practices at issue in this lawsuit, it was Suntrust Mortgage, Inc., an entity with a place of business in Irvine, CA., that directed the form and substance of the communications with Plaintiff and members of the class . . . .

(*Id.* ¶ 145.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

To support his contention that these allegations are sufficient, Smith relies heavily on *Gustafson v. BAC Home Loans Servicing, LP*. There, the court initially dismissed the plaintiff's UCL claim, reasoning that "[t]he mere possibility that certain decisions related to the [defendants'] policies and practices regarding force-placed insurance may have been made in California does not, standing alone, justify application of the UCL to [the plaintiff's] claims." *Gustafson Order I*, 2012 WL 4761733, at *6. But the court did grant the plaintiff leave to amend his complaint. *Id.* The plaintiff filed a third amended complaint ("TAC"), and the court denied the defendants' subsequent motion to dismiss the UCL claim. *Gustafson Order II*, 2012 WL 7071469, at *8. Smith argues that his pleadings are sufficiently similar to the *Gustafson* TAC and so should survive dismissal.

But Smith's pleadings don't stack up. For example, the *Gustafson* TAC alleged that all of the defendants regularly conducted business throughout California, and that many of them had their principal place of business or headquarters in California. *Gustafson Order II*, 2012 WL 7071469, at *8. Here, Smith has merely alleged that both SunTrust and QBE have offices somewhere in California, including one SunTrust "place of business" and one QBE "regional office" in Irvine. (Compl. ¶¶ 43, 145.) Smith says this one SunTrust office mailed out notices regarding hazard insurance and FPI, but this does not mean that the "unlawful conduct occur[ed] in California." *Gustafson Order I*, 2012 WL 4761733, at *5. And by itself, Smith's conclusory allegation that the "scheme was devised, implemented and directed from [SunTrust] and QBE's offices in California" lacks sufficient specificity.

For at least this reason, the Court GRANTS SunTrust's Motion on the claim brought under California's Unfair Competition Law.

### 1.2.4 *Oregon's Unlawful Debt Collection Practices Act*

Smith's fifth claim against SunTrust arises under Oregon's Unlawful Debt Collection Practices Act. Smith didn't oppose SunTrust's Motion as it related to this claim. (*See* Opp'n to SunTrust's Mot. at i.) For this reason, the Court GRANTS SunTrust's Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

as to this claim.

### 1.2.5   Summary of Rulings

In summary, the Court DENIES SunTrust's Motion on both of Smith's contract claims and GRANTS SunTrust's Motion as to the remaining claims.

## 2.   QBE'S MOTION

Smith asserts three claims against QBE: aiding and abetting a breach of fiduciary duty, violation of California's Unfair Competition Law, and unjust enrichment/disgorgement. QBE argues the filed rate doctrine shields QBE from liability for any of these claims. Further, QBE argues that Smith hasn't sufficiently pleaded any of these claims.

### 2.1   The Filed Rate Doctrine

The filed rate doctrine doesn't bar Smith's claims against QBE for essentially the same reasons it doesn't bar Smith's claims against SunTrust.  Simply put, Smith isn't questioning the reasonableness of the rates, but the reasonableness of Defendants' conduct and choices to buy certain plans.  Any distinction between QBE's and SunTrust's roles does not warrant a different result.  *See Leghorn*, 2013 WL 3064548, at *21 (further discussing why the filed rate doctrine doesn't shield an insurer in this situation).

For these reasons, and those discussed earlier, the filed rate doctrine does not shield QBE from liability for Smith's claims.  The Court now examines whether each of Smith's claims against QBE are adequately pleaded such that they state a claim for relief.

### 2.2   The Claims Against QBE

Smith asserts three claims against QBE: aiding and abetting a breach of fiduciary duty, violation of California's Unfair Competition Law, and unjust enrichment/disgorgement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

### 2.2.1 *Aiding and abetting a breach of fiduciary duty*

Smith's first claim against QBE is for aiding and abetting a breach of fiduciary duty. Smith withdrew this claim in his opposition to QBE's Motion. (Opp'n to QBE's Mot. 7:2 n.4.) For this reason, the Court DENIES as moot QBE's Motion on the claim for aiding and abetting a breach of fiduciary duty.

### 2.2.2 *Violating California's Unfair Competition Law*

For essentially the same reasons as discussed in section 1.2.3, Smith cannot sustain his claim under California's UCL against QBE. The Court GRANTS QBE's Motion on Smith's claim under California's Unfair Competition Law.

### 2.2.3 *Unjust enrichment/disgorgement*

Smith's third claim against QBE is for unjust enrichment/disgorgement. QBE cogently argues that Oregon law applies to this claim. (*See* QBE's Mot. 20:5 – 21:3.) Smith cites to both California and Oregon tort law, but doesn't contest the applicability of Oregon law here. (*See* Opp'n to QBE's Mot. 13:20–14:6.) The Court thus analyzes under Oregon law.

As generally formulated, under Oregon law, a claim for unjust enrichment has three elements. "[A] plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it." *Winters v. Cnty. of Clatsop*, 210 Or. App. 417, 421 (2007). The core of the parties' dispute appears to be whether the Complaint sufficiently alleges that QBE retained any benefit, or that retaining this benefit was unjust.

The Complaint does not contain sufficient allegations that QBE retained a benefit, or that doing so was unjust. Much of the Complaint details how QBE benefitted SunTrust, (*see,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

*e.g.*, *id.* ¶¶ 26, 57, 61, 62, 74, 79, 83), but the Complaint doesn't allege with specificity enough about how QBE *itself* benefitted, (*see, e.g.*, *id.* ¶ 7 (referring to "perverse incentives and lucrative financial benefits that are shared between Suntrust and QBE"); ¶ 54 ("The force-placement of insurance policies is a very lucrative business for servicers and insurance carriers.")). Smith's generalized allegations are insufficient, and he has not adequately pleaded how QBE was unjustly benefitted.

Other courts have ruled on similar issues applying similar law, and sustained claims for unjust enrichment. *See Leghorn*, 2013 WL 3064548, at *27–28; *Gustafson Order II*, 2012 WL 7071469, at *12; *Ellsworth*, 908 F. Supp. 2d at 1087; *McNeary*, 863 F. Supp. 2d at 964. But those orders don't sufficiently indicate what each plaintiff pleaded to support his unjust enrichment claim to be helpful in deciding whether Smith has sufficiently alleged unjust enrichment.

The Court GRANTS QBE's Motion on Smith's unjust enrichment/disgorgement claim.

**DISPOSITION**

The Court GRANTS IN PART and DENIES IN PART both SunTrust's and QBE's Motions. The Court DENIES SunTrust's Motion on both of Smith's contract claims and GRANTS SunTrust's Motion as to the remaining claims against SunTrust. The Court DENIES as moot QBE's Motion on Smith's aiding and abetting a breach of fiduciary duty claim and GRANTS QBE's Motion as to the remaining claims against QBE.

Leave to amend is appropriate because the Court has not determined that the deficiencies in the Complaint are incurable or that amendment would be futile. *See Telesaurus*, 623 F.3d at 1003. Any amended complaint must be filed within thirty days of this Order.

:   0

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0739 AG (JPRx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TIMOTHY MARTIN SMITH v. SUNTRUST MORTGAGE INC., et al. | | |

| | Initials of Preparer | lmb |
|---|---|---|